UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C&K TRUCKING, LLC and <br> C&K NUCO, LLC, <br>     Plaintiffs, <br>   v. <br> AMERICAN GLOBAL <br> LOGISTICS, LLC and <br> AMERICAN GLOBAL <br> BROKERAGE SERVICES, LLC, <br>     Defendants. | Case No. 1:14-cv-298 <br><br> Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs C&K Trucking, LLC ("CKT") and C&K NuCo, LLC ("Nuco") (collectively, "Plaintiffs") filed a First Amended Complaint against Defendants American Global Logistics, LLC ("AGL") and American Global Brokerage Services, LLC ("AGBS") (collectively, "Defendants"), alleging three counts each of breach of contract, account, and *quantum meruit*. Defendants now move to dismiss Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

### **BACKGROUND**

The following facts are taken from Plaintiffs' Complaint and Amended Complaint, as well as the affidavits and other materials submitted by the parties on the issue of jurisdiction.[1]

---

[1] "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (quoting *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)).

The parties have, in various combinations, entered into a series of written contracts.[2] On January 16, 2014, Plaintiffs filed their original nine-count Complaint, alleging: (1) Between December 2012 and December 2013, AGL contracted CKT to provide transportation services (the "AGL/CKT Contracts"); (2) between January 2013 and December 2013, AGL contracted NuCo to provide transportation services (the "AGL/NuCo Contracts"); and (3) between February 2013 and November 2013, AGBS contracted NuCo to provide transportation services (the "AGBS/NuCo Contracts"). (Compl. ¶¶ 11-13.) The Complaint alleged losses resulting from unpaid invoices in the amounts of $20,102.18 with respect to the AGL/CKT Contracts, $412,481.04 with respect to the AGL/NuCo Contracts, and $42,017.49 with respect to the AGBS/NuCo Contracts. (Compl. ¶¶ 29, 36, 43.) In addition, Plaintiffs sought pre- and post-judgment interest, *attorneys' fees*, and costs. (*Id*. (emphasis added).)

On June 25, 2014, Defendants served Plaintiffs with Offers of Judgment, pursuant to Federal Rule of Civil Procedure 68, in amounts equaling those alleged in the Complaint (in total, $474,600.71) "plus an additional amount for pre-judgment interest at the applicable statutory rate (if any), plus an additional amount for costs to be determined by the Court upon submission by [Plaintiffs] of an appropriate bill of costs." (Defs.' Mot. to Dismiss ¶ 5; Exs. 1 and 2.) Plaintiffs did not accept the Offers and, on July 10, 2014, Defendants moved to dismiss the Complaint.

On July 18, 2014, Plaintiffs moved to file their First Amended Complaint and on July 21, 2014, Defendants filed their opposition to that motion. On August 13, 2014, Plaintiffs were granted leave to file their First Amended Complaint. The First Amended Complaint differs

---

[2] The parties' pleadings and briefs are silent as to what these contracts entailed, or even as to what is the particular business of the parties, other than that the Plaintiffs have provided some form of transportation service to the Defendants.

from the original complaint in four ways: (1) the AGL/CKT Contracts are only those alleged to have occurred between December 2013 and June 2014; (2) the amount allegedly owed to Plaintiffs for the AGL/CKT Contracts increased from $20,102.18 to $256,696.34; (3) the AGL/NuCo Contracts are alleged to have occurred between February 2013 and November 2013; and (4) the amount allegedly owed to Plaintiffs for the AGL/NuCo Contracts decreased from $412,481.04 to $412,453.04. Defendants have responded by filing this Motion to Dismiss.

## LEGAL STANDARD

Article III of the United States Constitution requires that federal courts adjudicate only cases in which there is an actual case or controversy. This case and controversy requirement persists throughout the litigation and, if at any point the requirement is not met, the case will become moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). Further, there can be no subject-matter jurisdiction over a moot case. *Cornucopia Inst. v. U. S. Dep't of Agric.,* 560 F.3d 673, 676 (7th Cir. 2009) (citations omitted) ("It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot."). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss for lack of subject-matter jurisdiction. When reviewing a motion to dismiss brought pursuant to Rule 12(b)(1), all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the nonmovant's favor. *Scanlan v. Eisenberg*, 668 F.3d 838, 841 (7th Cir. 2012) (citation omitted). The plaintiff bears the burden of demonstrating jurisdiction. *Id*.

## ANALYSIS

The issue is whether Defendants' Offers of Judgment mooted Plaintiffs' claims. "The rejection of an offer of less than the complete relief sought by a suit does not prove that there is

3

no dispute between litigants." *Greisz v. Household Bank (Illinois), N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999). However, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under [Rule] 12(b)(1), because he has no remaining stake." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011) (quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)).

It is undisputed that the amounts contained within the Offers corresponded directly with the amounts sought in the original Complaint: AGBS offered to allow judgment against it, and in favor of NuCo, in the amount of $42,017.49; AGL offered to allow judgment against it, and in favor of CKT, in the amount of $20,102.18; and AGL offered to allow judgment against it, and in favor of NuCo, in the amount of $412,481.04. (See Defs.' Mot. to Dismiss, Exs. 1 and 2.) It is also undisputed that each of the Offers included pre-judgment interest and costs. Nevertheless, Plaintiffs argue their First Amended Complaint should not be dismissed for lack of subject-matter jurisdiction because they were never offered satisfaction of their "entire demand."

Plaintiffs argue that this offer is less than the amount for which the Defendants could be held liable as it does not include Plaintiffs' claim for attorneys' fees. The Defendants dispute whether Plaintiffs can ultimately prevail on their claims of attorneys' fees; however, there are disputed facts regarding this issue, which make its resolution here inappropriate. Indeed, the strength of Plaintiffs' argument for attorneys' fees is irrelevant to a Rule 12(b)(1) analysis. *See Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005) ("A bad theory (whether of liability or of damages) does not undermine federal jurisdiction."). Therefore, none of the Offers amounted to

*entire satisfaction* of the Plaintiffs' claims because none of the Offers included attorneys' fees as claimed by Plaintiffs.

Defendants argue that the amount of attorneys' fees at the time the Offers were made could not possibly have exceeded the $75,000.00 amount in controversy requirement. However, Defendants have provided no authority demonstrating that a defendant may make an incomplete offer to reduce the amount in controversy below the threshold and then move to dismiss on jurisdictional grounds.

Defendants have not shown that the Offers of Judgment "satisf[ied] the [P]laintiffs' entire demand" with respect to the First Amended Complaint or the original Complaint. Therefore, this Court has retained subject-matter jurisdiction throughout the history of the case.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [44] is denied.

Date:     11/20/2014                                  _____
                                                     JOHN W. DARRAH
                                                     United States District Court Judge