UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C&K TRUCKING, LLC and C&K NUCO, LLC, <br><br> Plaintiffs, <br> v. <br><br> AMERICAN GLOBAL LOGISTICS, LLC, and <br> AMERICAN GLOBAL BROKERAGE <br> SERVICES, LLC, <br><br> Defendants. | Case No. 14-cv-298 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs C&K Trucking, LLC ("CKT") and C&K NuCo, LLC ("NuCo") filed a Complaint against Defendants American Global Logistics, LLC ("AGL") and American Global Brokerage Services, LLC ("AGBS") for breach of contract, account, and unjust enrichment. On March 24, 2015, Defendants filed a motion for partial summary judgment of Plaintiffs' claim pursuant to Federal Rule of Civil Procedure Rule 56. For the reasons set forth below, the Motion is granted.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol - Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment. Local Rule 56.1(b)(3)(C) further permits the nonmovant to

submit a statement "of any additional facts that require the denial of summary judgment. . . ." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F.Supp.2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

CKT and NuCo are limited liability companies with their principal places of business in Chicago Ridge, Illinois. (Dkt. 92 ¶¶ 1, 2.) The sole member of CKT and NuCo is C&K Holdings Acquisition, LLC, which is also an Illinois limited liability company. (Dkt. 92 ¶ 3.) C&K Holdings Acquisition, LLC has eight members: Michael Burton, Arthur Zimmerly IV, Joel Kendall, Kevin Shaughnessy, Steve Wolf, Robert Vladem, James Hardy, and Michael Bifulco. (Dkt. 92 ¶ 4.) Defendants are Georgia limited liability companies with their principal places of business in Atlanta, Georgia. (Dkt. 92 ¶¶ 5, 6.) CKT and NuCo are trucking and drayage[1] companies. Defendants are freight brokers that place their clients' cargo with transport carriers, who transport the cargo in return for a fee. (Dkt. 76.) Defendants retained CKT and NuCo to perform transportation services. (*Id.*)

---

[1] Drayage is a type of specialty transportation, typically involving pickup from or delivery to a seaport. (Dkt. 76, pg. 2 fn. 2.)

In the transactions at issue in this case, an operator from AGL or AGBS would contact CKT or NuCo about cargo needing transport. (*Id.*) If CKT or NuCo had not established a set rate for a particular route, AGL or AGBS would ask for a quote. If the operator placed the cargo with CKT or NuCo, AGL or AGBS would send Plaintiffs a delivery instruction. (*Id.*) Each delivery instruction stated that AGL or AGBS "WILL NOT BE RESPONSIBLE FOR ANY ADDITIONAL CHARGES WITHOUT PRIOR WRITTEN AUTHORIZATION." (Dkt. 92 ¶ 18.) After receiving Defendants' delivery instructions and transporting the cargo, CKT or NuCo would issue an invoice. (Dkt. 76.) The invoices issued by NuCo included the following language:

> Should either party incur expense, including reasonable attorneys' fees and court costs, in enforcing any of the covenants arising out of their business dealings with each other, the prevailing party will recover all expenses so incurred. FAILURE TO PAY BILLED CHARGED MAY RESULT IN A LIEN ON FUTURE SHIPMENTS.

(Dkt. 92 ¶ 20.) The invoices issued by CKT did not contain the above language, or any other language pertaining to attorneys' fees or interest. (Dkt. 92 ¶ 21.)

Plaintiffs filed this claim based upon Defendants' alleged nonpayment of certain invoices for transportation services. Plaintiffs seek damages not only for the principal balance allegedly due under the invoices, which is uncontested, but also for interest and attorneys' fees.

Defendants argue that Plaintiffs' claims for interest and attorneys' fees are based upon boilerplate language found on invoices issued by NuCo, that these invoices are not contracts, and that the language was added unilaterally and is unenforceable. For the reasons set forth below, Defendants' Motion is granted.

**LEGAL STANDARD**

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party is responsible for informing the Court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there is still a genuine issue of material fact. *Celotex*, 477 U.S. at 322 – 27; *Anderson*, 477 U.S. at 254 – 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 – 87 (1986) (*Matsushita*). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find" for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (*Anderson*).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507–08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Anderson*, 411 U.S. at 247 – 48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 411 U.S. at 249 – 250.

**ANALYSIS**

As a preliminary matter, it is undisputed that the invoices issued by CKT did not contain an attorney fee provision. Whether or not the invoices constitute a contract between the parties, a provision that does not exist cannot be enforced. Thus, Defendants' Motion is granted with regards to CKT's claims for attorneys' fees and interest.

Defendants' Motion with regards to NuCo's claims for attorney's fees and interest turns on whether the invoices at issue are considered contracts between the parties and whether the language regarding attorneys' fees is enforceable. To establish the formation of a valid and enforceable contract under Illinois law[2], a plaintiff must prove that there was an "offer, acceptance and existence of valuable consideration," and the contract's essential terms must be definite and certain. *Jada Toys, Inc. v. Chicago Imp., Inc.,* No. 07 C 699, 2009 WL 3055370, at *6 (N.D. Ill. Sept. 18, 2009); *Gallagher Corp. v. Russ,* 721 N.E.2d 605, 611 (Ill.App. 1st Dist. 1999).

Defendants argue that the language at issue is unenforceable because they did not accept the attorney fee provisions in the relevant invoices. Plaintiffs attempt to establish that the connection between Defendants and another company, Expedited Freightways, LLC ("Expedited"), is evidence that Defendants knew of the boilerplate language at issue or accepted it. While Expedited is a separate entity, Plaintiffs argue that Expedited entered into an asset purchase agreement with CKT and NuCo, through which NuCo purchased certain assets, including customer lists, contracts, and office equipment. Among the assets purchased by NuCo

---

[2] Defendants argue that common law, and not the Uniform Commercial Code, is applicable to contracts at issue. However, it is Illinois state law, not common law that applies.

was an invoice template that is the same invoice template at issue in this Motion. Plaintiffs contend that NuCo continued to use the template previously used in Expedited's dealings with AGL and that this demonstrates AGL's awareness and acceptance of the language at issue. Expedited is a separate entity and not a party to this litigation. Its acceptance and knowledge of the attorney fee provisions cannot be imputed to AGL. Any proof offered by Plaintiffs regarding the relationship between Expedited and Defendants is irrelevant to whether there is a valid contract between Defendants and NuCo such that the attorney fee provision is enforceable.

Defendants cite to *Purac for Benefit of Firemen's Fund Ins. Co. v. Trafpak Servs., Ltd.*, 694 F. Supp. 476, 477 (N.D. Ill. 1988), to support its argument that boilerplate language did not bind a party to its terms without mutual assent, regardless of whether that party had previously seen invoices with that language. The court in *Purac* found that the plaintiff could not have negotiated the terms of the relevant provision because the location of the pertinent language was so "obscure." Unlike the provision at issue here, the relevant language in *Purac* was not contained within the invoice itself but in a clause within an entirely separate document setting out the defendant's standard trading conditions.

Defendants argue that its delivery instructions state that they would not be responsible for additional charges without written authorization and that the issuance of these instructions prior to the issuance of the invoices indicate that there was no mutual assent. Plaintiffs argue that Defendants routinely paid "additional charges" on both Expedited and NuCo invoices, the payment of which negates the language on the delivery instructions. However, Defendants contend that these "additional charges" were authorized, noting that none of the charges were for attorneys' fees or interest. These instances of payment of "additional charges" were only 16

6

instances out of thousands of other invoices. Further, whether or not Defendants authorized these charges is not relevant to the issue of whether Defendants accepted and had knowledge of the attorney fee provision.

A unilateral attempt to change the terms of a contract by sending an invoice with additional terms not discussed by the parties and without mutual assent should fail if the agreement is an isolated transaction. However, Plaintiffs also contend Defendants are liable for interest and attorneys' fees based on a course of dealing between the parties. The continuity of the relationship between two parties can create a course of dealing such that acceptance of the additional term was implied. *See Independent Machinery, Inc. v. Kuehne & Nagel, Inc.*, 867 F.Supp. 752, 764 (N.D. Ill. 1994) (finding additional terms added to an invoice can be enforceable when the parties have a course of dealing). A course of dealing is a "sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." *Capitol Converting Equip., Inc. v. LEP Transp., Inc.*, 965 F.2d 391, 395 (7th Cir. 1992). The parties' previous conduct may give "particular meaning to and supplement or qualify the terms of their later agreement." *Id.* That conduct does not modify the agreement, but rather "inform[s] the nature and the extent of the parties' obligation to each other." *Midwest Trading Grp., Inc. v. GlobalTranz Enterprises, Inc.,* 59 F. Supp. 3d 887, 900-01 (N.D. Ill. 2014).

Plaintiffs cite to *Capitol Converting* for the proposition that whether a course of dealing exists is a question of fact. *Capitol Converting*, 965 F.2d at 395. However, Plaintiffs provide no facts to support their assertion that a course of dealing exists between the parties. As Plaintiffs

7

readily admitted to this Court, they submitted no evidence that any attorneys' fees were ever paid by Defendants in response to the submission of these invoices. Plaintiffs do not point to any conduct by Defendants that would give rise to mutual assent to an obligation to pay attorneys' fees or interest. As stated previously, Plaintiffs allege that Defendants' payment of 16 "additional charges" created a course of dealing such that acceptance of the fee provision was implied. However, none of the 16 payments were for attorneys' fees or interest and even if they were, a few payments out of thousands are not sufficient to establish a course of dealing between the parties.

Plaintiffs argue that each invoice issued by NuCo was reviewed, processed, and paid by AGL, and that the sheer number of invoices paid by AGL constitute implied acceptance of the provision. However, the invoices Plaintiffs refer to were issued by Expedited (as discussed above), and not NuCo. By Plaintiffs' own admission, Defendants did not pay hundreds of invoices issued by NuCo; a deficiency that led to this suit. (Dkt. 91 at pg. 6.) Plaintiffs cite a deposition to support its assertion that Defendants reviewed each invoice. This citation is a mischaracterization of the deposition, citing to Plaintiffs' counsel's question, rather than the response. [Baldwin Dep. 37:15-20.] Plaintiffs did not ask Defendants whether they reviewed the terms of the invoices at issue.

It is clear that there was no mutual assent between the parties such that the attorney fee provision at issue is enforceable. As there is no genuine issue of material fact as to whether Defendants had knowledge of the language at issue and whether they accepted the terms of the attorney fee provision, Defendants' Motion for Summary Judgment as to both CKT's and NuCo's claims for attorneys' fees and interest is granted.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment [75] is granted.

Date: November 4, 2015

JOHN W. DARRAH
United States District Court Judge